Filed 10/15/25  P. v. Minggia CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085101 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE425364) |
| SHAWNA RENEE MINGGIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  (Retired Judge of San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Shawna Renee Minggia entered into a plea agreement in which she pleaded guilty to one count of robbery (Pen. Code,[1] § 211), admitted the aggravating factor that she was on parole from state prison at the time of the

---

[1]  Statutory references are to the Penal Code.

offense (§ 1203.085, subd. (a)), and admitted she had suffered two serious felony prior convictions (§ 667, subd. (a)(1)) and two strike priors (§ 667, subds. (b)–(i)).

The court agreed to refer Minggia to Re-entry Court creating the possibility she would end up with a five-year suspended sentence.

Ultimately Minggia was rejected by the Re-entry Court and also rejected by Drug Court. Minggia was sentenced to the previously stayed five-year term.

Minggia filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Minggia the opportunity to file her own brief on appeal, but she has not responded.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the court erred in imposing a restitution order for $44.07 without a restitution hearing.

We have independently reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Minggia on this appeal.

2

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

---

*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

WE CONCUR:

BUCHANAN, Acting P. J.

RUBIN, J.